UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

QINGWEI MA & QUN ZHU,

Plaintiff(s),

vs.

CHEF JON'S AUTHENTIC CHINESE
CUISINE, GUO HONG WANG, JOHN DOE,
a fictitious name, ABC CORP., a fictitious
corporation,

Defendants.

**COMPLAINT AND
JURY DEMAND**

## NATURE OF ACTION

1. This is a collective action complaint. Plaintiffs and members of the Collective are
   nonexempt employees of Chef Jon's Authentic Chinese Cuisine (hereinafter "Chef Jon's").
   Plaintiffs seek to represent other current and former non-exempt employees who worked at
   Chef Jon's restaurant in New Jersey.

2. Plaintiffs allege, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b),
   that they are entitled to (i) unpaid minimum wages from Defendants for hours worked in
   which they were not paid the full minimum wage; (ii) unpaid wages from Defendants for
   overtime work for which they did not receive overtime premium pay, as required by law;
   and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.;* and (iv)
   reasonable attorney's fees and costs incurred in pursuit of this action.

3. Plaintiffs alleges that under the New Jersey Wage and Hour Law and the New Jersey Wage
   Payment Law (hereinafter said New Jersey Laws are collectively referred to as the "New

Jersey Wage Laws"), they are entitled to (i) unpaid minimum wages from Defendants for all hours worked; (ii) unpaid overtime wages from Defendants for his work beyond forty hours per week; (iii) liquidated damages; and (iv) attorney's fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. Plaintiff, Qingwei Ma, is an adult individual residing at 2 Micklejohn Avenue, Little Falls, New Jersey 07424, and is an employee at defendant restaurant Chef Jon's Authentic Chinese Cuisine.

8. Plaintiff, Qun Zhu, is an adult individual residing at 2 Micklejohn Avenue, Little Falls, New Jersey 07424, and is an employee at defendant restaurant Chef Jon's Authentic Chinese Cuisine.

9. According to New Jersey's Division of Revenue and Enterprise Services internet database, Defendant Chef Jon's Authentic Chinese Cuisine is an unincorporated, for-profit sole

proprietorship, with its principal place of business in Whippany, Hanover Township, Morris County, New Jersey.

10. Upon information and belief, Defendant Guo Hong Wang is an individual residing in New Jersey, and owner of Chef Jon's Authentic Chinese Cuisine.

11. John Doe is a fictitious individual believed to be an owner or shareholder of defendant Chef Jon's Authentic Chinese Cuisine.

12. ABC Corp. is a fictitious corporation believed to be the legal corporate entity of Chef Jon's Authentic Chinese Cuisine.

13. Defendants were Plaintiffs' employers as that term is defined by the FLSA 29 U.S.C. § 203(d);


## STATEMENT OF FACTS

As to Plaintiff Qingwei Ma

14. Plaintiff Ma worked for Defendants from August 23, 2016, and continues to be employed by Defendant restaurant to date.

15. While employed by Defendants, Plaintiff Ma was engaged in commerce as that term is defined under the FLSA.

16. At all times relevant to this action, Plaintiff was Defendants' employee as that term is defined under the FLSA and New Jersey Wage Laws.

17. Defendants own, operate, and/or manage the Restaurant at which Plaintiff Ma worked.

18. The Restaurant serves food to customers on the premises and provides take-out and delivery service.

19. The Restaurant is part of the "restaurant industry" within the meaning of New Jersey Wage Laws because it is an eating and drinking establishment that prepares and offers food and

beverages for human consumption on its premises with catering and delivery services available to the public.

20. At all times relevant to this action, Plaintiff was employed at the Restaurant and was Defendants' employee within the meaning of the FLSA and New Jersey Wage Laws.

21. Plaintiff held the position of a cook while employed by Defendants.   Plaintiff prepared dishes to be served to customers.

22. Plaintiff Ma was paid $3,400.00 per month, or $784.61 per week, at an hourly wage of $11.80.

23. Plaintiff Ma worked the following hours at Defendant restaurant from August 23, 2016 to present:

   a.   Monday – 10:30am to 9:30pm – 11 hours

   b.   Tuesday - OFF

   c.   Wednesday – 10:30am to 9:30pm – 11 hours

   d.   Thursday – 10:30am to 9:30pm – 11 hours

   e.   Friday – 10:30am to 10:00pm – 11.5 hours

   f.   Saturday – 10:30am to 10:00pm – 11.5 hours

   g.   Sunday – 10:30am to 9:00pm – 10.5 hours

   Total weekly hours – 66.5


As to Plaintiff Qun Zhu

24. Plaintiff Zhu worked for Defendants from August 23, 2016, and continues to be employed by Defendant restaurant to date.

25. While employed by Defendants, Plaintiff Zhu was engaged in commerce as that term is defined under the FLSA.

26. At all times relevant to this action, Plaintiff Zhu was Defendants' employee as that term is defined under the FLSA and New Jersey Wage Laws.

27. Defendants own, operate, and/or manage the Restaurant at which Plaintiff Zhu worked.

28. The Restaurant serves food to customers on the premises and provides take-out and delivery service.

29. The Restaurant is part of the "restaurant industry" within the meaning of New Jersey Wage Laws because it is an eating and drinking establishment that prepares and offers food and beverages for human consumption on its premises with catering and delivery services available to the public.

30. At all times relevant to this action, Plaintiff was employed at the Restaurant and was Defendants' employee within the meaning of the FLSA and New Jersey Wage Laws.

31. Plaintiff's duties while employed with Defendant restaurant were to bring food from the kitchen to tables, but did not take orders from customers or wait on customers. Plaintiff also prepared cold dishes.

32. Plaintiff Zhu was paid the total of $2,000.00 per month, or $461.53 per week, at an hourly wage of $6.94.

33. Plaintiff Zhu worked the following hours at Defendant restaurant from August 23, 2016 to present:

    h.  Monday – 10:30am to 9:30pm – 11 hours

    i.  Tuesday - OFF

    j.  Wednesday – 10:30am to 9:30pm – 11 hours

    k.  Thursday – 10:30am to 9:30pm – 11 hours

    l.  Friday – 10:30am to 10:00pm – 11.5 hours

    m.  Saturday – 10:30am to 10:00pm – 11.5 hours

    n.  Sunday – 10:30am to 9:00pm – 10.5 hours

Total weekly hours – 66.5

## OVERTIME PAY

34. Both the FLSA and New Jersey Wage Laws require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over forty hours a week.

35. Plaintiff Ma regularly worked more than forty (40) hours per week and was not paid for the extra time they worked.

36. Plaintiffs were deprived of overtime pay as required under the FLSA and New Jersey Wage Laws.

37. Defendants knowingly, intentionally and willfully committed the acts alleged herein.

## MINIMUM WAGE

38. Both the federal Fair Labor Standards Act and New Jersey Wage Laws require that employee be paid a minimum wage.  29 U.S.C. § 206; N.J.S.A. 34:11-56 et seq.

39. At all relevant times, Plaintiff Zhu worked six (6) days per week and worked approximately sixty-six and one-half (66.5) hours per week.

40. Defendants' payment to Plaintiff for hours worked was $2,000.00 per month, which resulted in an hourly wage below the minimum wage required under the FLSA and New Jersey Wage Laws.

41. From August 23, 2016 to present, Plaintiff was not compensated at the applicable minimum wage rate for each hour he worked

42. Defendants knowingly, intentionally and willfully committed the acts alleged herein.

## FAILURE TO INFORM EMPLOYEES OF WAGE PROVISIONS, POST

6

NOTICES, AND KEEP RECORDS AS REQUIRED BY LAW

43. The Fair Labor Standards Act and New Jersey Wage Laws require employers to maintain in the workplace a display containing notices of employee rights to receive the minimum wage and overtime pay at a rate of one-and-one half times their regular rate.

44. Upon information and belief, at all times relevant to this action, Defendants failed to provide, in a place accessible to employees and in a visually conspicuous manner, notice of an employee's rights to receive the minimum wage and overtime pay as required under the Fair Labor Standards Act and New Jersey Wage Laws.

45. Upon information and belief, Defendants failed to keep full and accurate records of Plaintiff's hours and wages in order to avoid liability for their wage violations.

46. Upon information and belief, Defendants knowingly and intentionally took unlawful deductions from Plaintiff.

47. Defendants knowingly, intentionally and willfully committed the acts alleged herein.

## CAUSES OF ACTION

### COUNT I
*Fair Labor Standards Act*
*Overtime Violations*
*As to Plaintiff Ma and Plaintiff Zhu*

48. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth at length herein.

49. Defendants willfully and intentionally failed to compensate Plaintiffs the applicable overtime pay for their hours over forty hours a week, in violation of 29 U.S.C. § 201 et seq.

50. Defendants have failed to make a good faith effort to comply with the Fair Labor Standards Act with respect to compensation of Plaintiffs.

51. Due to Defendants' violation of FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of this action, pursuant to the FLSA, all in an amount to be determined at trial.  29 U.S.C. § 216(b).

COUNT II
*New Jersey Wage Laws*
*Overtime Pay*
*As to Plaintiff Ma and Plaintiff Zhu*

52. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth at length herein.

53. The Defendants' intentional failure to pay overtime pay violates N.J.S.A. 34:11-56a et seq. and supporting regulations.

54. Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages, attorney's fees and costs.

COUNT III
*Fair Labor Standards Act*
*Minimum Wage Violations*
*As to Plaintiff Zhu*

55. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth at length herein.

56. Defendants willfully and intentionally failed to compensate Plaintiff Zhu the applicable minimum hourly wage in violation of 29 U.S.C. § 201 et seq.

57. Defendants have failed to make a good faith effort to comply with the Fair Labor Standards Act with respect to compensation of Plaintiff Zhu.

58. Due to Defendants' violation of FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, unpaid minimum wages and liquidated damages, as well as

reasonable attorneys' fees and costs of this action, pursuant to the FLSA, all in an amount to be determined at trial.  29 U.S.C. § 216(b).

COUNT IV
*New Jersey Wage Laws*
*Minimum Wage*
*As to Plaintiff Zhu*

59. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth at length herein.

60. The Defendants' intentional failure to pay minimum wages violates N.J.S.A. 34:11-56a et seq. and supporting regulations.

61. Plaintiff Zhu has been damaged in an amount as yet undetermined plus liquidated damages, attorney's fees and costs.

COUNT V
*Collective FLSA Wage and Hour Violations*

62. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth at length herein.

63. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

64. At all times material herein, Plaintiffs and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

65. Defendants are covered employers required to comply with the FLSA's mandates.

66. Defendants have violated the FLSA with respect to Plaintiffs and the Collective, by, inter alia, failing to compensate Plaintiff and the Collective for all hours worked and failing to pay the legally mandated overtime premium for such work and/or minimum wage.

67. Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

68. Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendants.

69. Plaintiffs and the Collective are entitled to damages equal to the mandated pay, including overtime premium pay within the three years preceding the filing of the complaint, because Defendants have acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

70. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

71. Plaintiffs and Collective members are entitled to all of the unpaid wages, plus an additional equal amount as liquidated damages, court costs, attorneys' fees and expenses they expend in successfully bringing this action to recover their unpaid wages, and any other relief deemed appropriate by the Court.

72. Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

COUNT VI

*Breach of Contract*

*As to Plaintiff Ma and Plaintiff Zhu*

73. Plaintiffs hereby reassert and incorporate by reference the allegations set forth in each of the foregoing paragraphs of this Complaint as though fully set forth at length herein.

74. The parties agreed for plaintiffs to work at defendants' restaurant, and further agreed, in express or implied form, for plaintiffs to be compensated an hourly wage which at a minimum would comply with state and federal labor laws.

75. The agreement for plaintiffs to work at defendants' restaurant and to be compensated an hourly wage which at a minimum would comply with state and federal labor laws constitute an enforceable contract between the parties.

76. Defendants breached said contract by failing to compensate Plaintiffs at least minimum wages and overtime pay as mandated by the FLSA and New Jersey Wage Laws.

77. As a direct and proximate result of Defendants' breach, Plaintiffs suffered severe economic harm in an amount to be determined at trial.

<u>COUNT VII</u>
*Unjust Enrichment*
*As to Plaintiff Ma and Plaintiff Zhu*

78. Plaintiffs hereby reassert and incorporate by reference the allegations set forth in each of the foregoing paragraphs of this Complaint as though fully set forth at length herein.

79. The wages owed to Plaintiffs and unpaid by Defendants constitutes an unjust enrichment of Defendants at Plaintiffs' expense.

80. As a direct and proximate result, Plaintiffs have been damaged in an amount to be determined at trial.

PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs respectfully requests that a judgment be granted as follows:

(a)    Declaring, jointly and severally, Defendants' conduct complained of herein to be in violation of the  Fair Labor Standards Act and New Jersey Wage Laws;

(b)    Awarding Plaintiff Zhu against Defendants, jointly and severally, unpaid minimum wages due under the FLSA and New Jersey Wage Laws;

(c)    Awarding Plaintiffs against Defendants, jointly and severally, unpaid overtime compensation due under the FLSA and New Jersey Wage Laws;

(d)    Awarding Plaintiffs liquidated damages against Defendants, jointly and severally;

(e)    Awarding Plaintiffs pre-judgment and post-judgment interest;

(f)    Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees, and;

(g)    Awarding any such and other relief as this Court deems just and proper.


Dated: September 22, 2017

Respectfully submitted,

Seung Han (Aaron) Shin, Esq.


**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.


Dated: Bergen County, New Jersey
        September 22, 2017

By: _____
Seung Han (Aaron) Shin, Esq. (SS1028)
SHIN & JUNG L.L.P.
2400 Lemoine Ave. Suite 204
Fort Lee, NJ 07024
Tel: (201) 482-8095
Fax: (201) 399-3269