UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ESTHER SALAS
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

March 27, 2019

## LETTER ORDER

Re: *Ma v. Chef Jon's Authentic Chinese Cuisine, et al.*
      Civil Action No. 17-7379 (ES) (JAD)

Dear Counsel:

"On November 28, 2017, the Clerk of Court entered default against Defendant Chef Jon's Authentic Chinese Cuisine in this action." (D.E. No. 8 at 1). On July 25, 2018, the Court "order[ed] Plaintiffs to submit a brief . . . in support of the[ir then-forthcoming] default-judgment motion—which specifically addresses each of the [default judgment] factors [identified in the Court's Order] in an organized, easy-to-read format . . . ." (*See id.* at 2).

On August 1, 2018, Plaintiffs filed their default judgment motion. (D.E. No. 9). But Plaintiffs' brief in support of the motion, with the exception of a discussion of damages, failed to address the default judgment factors as ordered by the Court. (*See generally id.*).

It is not the "responsibility of . . . this Court to make the parties' arguments for them." *See Sang Geoul Lee v. Won Il Park*, 720 F. App'x 663, 666 (3d Cir. 2017). Furthermore, "entry of a default judgment is an extreme sanction," *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 Fed. Appx. 136, 137 (3d Cir. 2017), and "is left primarily to the discretion of the district court," *Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 258 (D.N.J. 2016). Accordingly, the Court DENIES Plaintiffs' motion for default judgment, *without prejudice*, **and permits Plaintiffs to move again within thirty days of this Order, in compliance with all Local Rules, and with a brief in compliance with the Court's July 25, 2018 Order and this Order**. (*See* D.E. No. 8). Failure to so move may result in a denial *with prejudice* or the closing of this case.

Additionally, in their next brief, Plaintiffs are ordered to address specifically the following issues pertaining to damages and whether these issues affect the relief requested by Plaintiffs:

- Whether "a plaintiff who prevails on his FLSA claim cannot receive duplicative damages for his identical NJWHL claim," *see, e.g.*, *Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co.*, No. 16-8772, 2018 WL 1027446, at *5 (D.N.J. Feb. 23, 2018); and

- Whether "the NJWHL does not provide for liquidated damages," *see, e.g.*, *Ferreras v. Am. Airlines, Inc.*, No. 16-2427, 2017 WL 1156737, at *4 (D.N.J. Mar. 28, 2017).

The Clerk of Court must TERMINATE Docket Entry Number 9.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**