UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

December 5, 2019

## LETTER ORDER

Re: *Ma, et al. v. Chef Jon's Authentic Chinese Cuisine, et al.*
<u>Civil Action No. 17-7379 (ES) (JAD)</u>

Dear counsel:

On November 28, 2017, the Clerk of Court entered default judgment against Defendant Chef Jon's Authentic Chinese Cuisine in this action. Subsequently, on July 25, 2018, the Court ordered plaintiffs Qingwei Ma and Qun Zhu (collectively "Plaintiffs") to submit a brief in support of any motion for default judgment that would, among other things, specifically address each of the default judgment factors "in an organized, easy-to-read format." (D.E. No. 8 at 2).

Plaintiffs filed their first default judgment motion and supporting brief on August 1, 2018. (D.E. No. 9). However, because Plaintiffs' brief failed to address the default judgment factors as ordered by the Court, that motion was denied on March 27, 2019. (D.E. No. 13). The denial was without prejudice, and the Court allowed Plaintiffs to move again within 30 days of that order, "**in compliance with all Local Rules,** *and with a brief in compliance with the Court's July 25, 2018 Order and [the March 27, 2019] Order*." (*Id.* at 1) (emphases in original). In addition, the Court ordered Plaintiffs to "address specifically" two issues pertaining to damages, and whether these issues affect the relief requested by Plaintiffs: (i) whether a plaintiff who prevails on his FLSA claim cannot receive duplicative damages for his identical NJWHL claim, and (ii) whether the NJWHL does not provide for liquidated damages. (*Id.* (quotation marks and citations omitted)).

Plaintiffs filed a second motion for default judgment on May 22, 2019.[1] (D.E. No. 16). Notwithstanding the Court's specific guidance in the July 25, 2018 and March 27, 2019 Orders, Plaintiffs' brief is still deficient in several respects. First, the brief was filed eight days late. (*See* D.E. No. 15 (Order granting a 15-day extension from April 29, 2019)). Second, Plaintiffs again fail to adequately discuss the default judgment factors; instead, Plaintiffs simply recite the default judgment factors and conclude they are met without providing any factual or legal support. (*See*

---

[1] The Court notes that Plaintiffs move this Court "for an order entering judgment by default against defendants Guo Hong Wang and Chef Jon's Authentic Chinese Cuisine." (D.E. No. 16-1 at 1). However, the Clerk of Court has only entered default against defendant Chef Jon's Authentic Chinese Cuisine. (*See* docket entry dated November 28, 2017).

D.E. No. 16-1 at 3).[2]  Such conclusory assertions are plainly insufficient, as **it is not the Court's responsibility "to make the parties' arguments for them,"** *see Sang Geoul Lee v. Won Il Park*, 720 F. App'x 663, 666 (3d Cir. 2017).  Third, the brief fails to address the Court's two specific questions pertaining to damages and whether those issues affect the relief requested by Plaintiffs. (*See* D.E. No. 13 at 1).  Fourth and finally, Plaintiffs' brief fails to comply with several local rules, including 7.1(b)(2) (requiring a notice of motion be filed in support of any motion) and 7.2(c) (requiring that margins shall not be less than one inch on sides of briefs).

Accordingly, because granting default judgment "is left primarily to the discretion of the district court," *Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 258 (D.N.J. 2016), the Court again DENIES Plaintiffs' motion for default judgment. The Court will permit Plaintiffs to move once more within thirty days of this Order, *in compliance with all Court Orders and Local Rules*.  **Failure to comply will result in a denial with prejudice and the closing of this case.**

**SO ORDERED.**

                                          *s/Esther Salas*
                                          **Esther Salas, U.S.D.J.**

---

[2] For example, Plaintiffs simply assert that "the entry of default is proper," without any explanation, analysis, or citations to case law. (D.E. No. 16-1 at 3). Plaintiffs similarly conclude that "the Complaint in this matter sufficiently alleges violations of the minimum wage and overtime mandates of the FLSA and NJ Wage and Hour Laws," again without any support. (*Id.*).