**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| QINGWEI MA, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> CHEF JON'S AUTHENTIC CHINESE CUISINE, *et al.*, <br><br> **Defendants.** | Civil Action No. 17-7379 (ES) (JAD) <br><br> OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is plaintiffs Qingwei Ma and Qun Zhu's (collectively, "Plaintiffs") motion for default judgment against defendants Chef Jon's Authentic Chinese Cuisine ("Chef Jon's") and Guo Hong Wang ("Wang") (collectively, "Defendants"). (D.E. No. 20). Having considered Plaintiffs' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). As set forth below, the Court DENIES the motion.

**I.      Background**

Plaintiffs are two former employees of Chef Jon's, a for-profit sole proprietorship restaurant that is owned by Wang. (D.E. No. 1 ("Complaint") ¶¶ 7–9). Plaintiffs worked at Chef Jon's from August 23, 2016, to September 30, 2017. (D.E. No. 20-2 ("Ma Cert.") ¶ 4; D.E. No. 20-3 ("Zhu Cert.") ¶ 4). During that time, Plaintiffs allege that Defendants failed to pay them overtime wages and failed to pay Zhu the minimum wage required by law. Specifically, Ma allegedly worked a total of 66.5 hours per week as a cook at Chef Jon's, without overtime pay. (Complaint ¶¶ 21, 23 & 35; Ma Cert. ¶¶ 5, 7 & 10). Zhu allegedly worked a total of 66.5 hours

1

per week without overtime pay and at an hourly wage of $6.94, preparing cold food and bringing food to tables. (Complaint ¶¶ 32–33 & 36; Zhu Cert. ¶¶ 5, 7–8 & 10).

Based on the foregoing, Plaintiffs filed suit on September 22, 2017, alleging violations of the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Law ("NJWHL"), as well as claims for breach of contract and unjust enrichment. After Defendants failed to appear in this action, Plaintiffs requested a Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). (D.E. No. 3). The Clerk of Court entered default as to Defendants on November 28, 2017. (*See* November 28, 2017 Docket Text Entry & December 6, 2019 Docket Text Entry). Since then, Plaintiffs have twice moved for default judgment, and the Court denied Plaintiffs' motions without prejudice for failure "to address the default judgment factors as ordered by the Court." (*See* D.E. Nos. 13 & 18). Plaintiffs again move for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) on their FLSA and NJWHL claims. (D.E. No. 20-4 ("Mov. Br.") at 1).[1] Plaintiffs request a total award of $55,775.00, which they argue accounts for (i) Zhu's unpaid minimum wages; (ii) Plaintiffs' unpaid wages for overtime work; (iii) liquidated damages pursuant to the FLSA; and (iv) reasonable attorney's fees and costs incurred in pursuit of this action. (Mov. Br. at 9). To date, Defendants have not appeared in this action, and the motion is unopposed.

## II. Legal Standard

"[E]ntry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). However, it is preferable for cases to be disposed of on the merits whenever practicable. *Id.* at 1181. A district court may enter default judgment against a party who has failed to plead or otherwise respond to the action filed against

---

[1] Plaintiffs do not move for default judgment on the remaining counts in the Complaint, including the collective action claims and the breach of contract and unjust enrichment claims. Thus, the Court does not address them.

him. Fed. R. Civ. P. 55(b)(2). To obtain a default judgment, a plaintiff must first request entry of default by the Clerk of Court. *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). Once default judgment is entered, a plaintiff seeking default judgment must then file a motion with the district court requesting the relief.

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-0119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). Then, "the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

### III.  Discussion

#### A.  Jurisdiction and Proof of Service

As a threshold matter, the Court is satisfied that it has subject matter jurisdiction over Plaintiffs' FLSA and NJWHL claims. The Court has subject matter jurisdiction over Plaintiffs' FLSA claims because they arise under the laws of the United States. *See* 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' NJWHL claims because they are related to and arise out of the same controversy as the FLSA claims. *See* 28 U.S.C. § 1367(a).

The Court is also satisfied that it has personal jurisdiction over Defendants. The Court has personal jurisdiction over Chef Jon's because, as set forth below, service of process on Chef Jon's was proper and its principal place of business is in New Jersey (Complaint ¶ 9). *See Nieves v. Top Notch Granite & Marble LLC*, No. 10-1589, 2011 WL 2937352, at *1 (D.N.J. July 19, 2011). Similarly, the Court has jurisdiction over defendant Wang because he is an individual residing in

New Jersey (Complaint ¶ 10), and he was served with process in New Jersey. *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) ("[T]his method of in-forum service has long provided a basis to exercise personal jurisdiction."). Thus, the exercise of personal jurisdiction is proper here.

And lastly, Plaintiffs properly and timely served Defendants. Plaintiffs filed proofs of service showing that on September 29, 2017, at 1:15 p.m., a process server served defendant Wang with his own summons and complaint and a summons for Chef Jon's. (D.E. Nos. 4 & 5). Such service is proper as to Wang as an individual, and as to Chef Jon's as a sole proprietorship. *See* Fed. R. Civ. P. 4(e) (an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally"); Fed. R. Civ. P. 4(h) (an unincorporated association may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.").

### B.  Sufficiency of Claims

Having considered the threshold issues of jurisdiction and service of process, the Court turns to the sufficiency of Plaintiffs' FLSA and NJWHL claims.[2]  *See Nationwide Mut. Ins.*, 175 F. App'x at 521. "The Court accepts all well-pleaded factual allegations in the pleadings as true, except as to damages." *See Abarca v. KC Consulting Grp., Inc.*, No. 16-213, 2018 WL 2215516, at *4 (D.N.J. May 14, 2018).

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir.

---

[2]   Because the "NJWHL mirrors its federal counterpart," the Court considers the claims under each simultaneously. *See Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co.*, No. 16-8772, 2018 WL 1027446, at *3 (D.N.J. Feb. 23, 2018); *Brown v. Apothaker & Assocs. P.C.*, No. 17-3994, 2018 WL 1605148, at *2 n.5 (D.N.J. Apr. 3, 2018).

2014) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)). Under the FLSA, employers must pay their employees at least a specified minimum hourly wage for work performed, and an employee who works more than forty hours in a single workweek must be paid for hours worked in excess of forty hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To plead a plausible FLSA overtime claim, "a plaintiff must sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." *Davis*, 765 F.3d at 242 (alterations and emphasis omitted) (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). Employers who violate the FLSA's provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C.A. § 216(b).

The FLSA also provides for individual liability against employers. *Qu Wang*, 2018 WL 1027446, at *2. The determination of whether an individual is an employer for FLSA purposes turns on that individual's control, and courts consider whether the individual defendant: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Santiago v. Lucky Lodi Buffet Inc.*, No. 15-6147, 2016 WL 6138248, at *2 (D.N.J. Oct. 21, 2016).

Applying these standards, the Court concludes the Plaintiffs have sufficiently stated a claim as to Chef Jon's, but not as to defendant Wang. As to Chef Jon's, Plaintiffs' unchallenged allegations establish violations of the FLSA and NJWHL. Plaintiffs allege that they both worked over 40 hours per week and that they did not receive overtime compensation for the hours worked

over 40 hours per week.  (Ma Cert. ¶¶ 5, 7 & 10; Zhu Cert. ¶¶ 5, 7 & 10).  And Plaintiff Zhu alleges that he was paid an hourly wage of $6.94 (Zhu Cert. ¶ 8), which was below the minimum hourly wage in 2016 and 2017.  *See* U.S. Dep't of Lab., Wages & Hour Div., *Changes in Basic Minimum Wages in Non-Farm Employment Under State Law: Selected Years 1968 to 2019* (Jan. 2020), https://www.dol.gov/agencies/whd/state/minimum-wage/history (hereinafter "Minimum Wage Rates").  "These allegations, when accepted as true, are sufficient for the Court to find that Plaintiff has stated viable causes of action for violations of the FLSA and NJWHL" against Chef Jon's.  *See Jian Zhang v. Chongqing Liuyishou Gourmet NJ Inc*, No. 18-10359, 2019 WL 6318341, at *2 (D.N.J. Nov. 26, 2019); *see also Lurty v. 2001 Towing & Recovery, Inc.*, No. 18-06302, 2019 WL 3297473, at *3 (D.N.J. July 23, 2019).

As to defendant Wang, Plaintiffs' claims fail because Plaintiffs do not adequately allege Wang's status as an employer under the FLSA.  The Complaint does not contain any factual allegations that assist the Court in analyzing the control factors described *supra*.  Instead, the Complaint contains legal conclusions that "Defendants were Plaintiffs' employers as that term is defined by the FLSA . . . ."  (Complaint ¶ 13; *see also id.* ¶¶ 16, 20, 26 & 30).  But the Court cannot rely on such legal conclusions to find that Plaintiffs plead a sufficient cause of action.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Without more, the Court is unable to conclude that defendant Wang is individually liable as an employer under the FLSA.  *Compare e.g.*, *Montero v. Brickman Grp., Ltd.*, No. 12-2535, 2012 WL 3757499, at *3 (D.N.J. Aug. 28, 2012) (concluding that the complaint failed to provide the Court with a basis for determining whether an individual defendant had operational control over corporate defendant, "such that he may be held individually liable for any FLSA violations."), *with de Camillis v. Educ. Info. & Res. Ctr.*, No. 18-11576, 2020

6

WL 5525547, at *3 (D.N.J. Sept. 15, 2020) ("Under the economic reality test, Plaintiff has established that [the individual defendant] was an employer under the FLSA.") *and Alvarez v. Millenium Tree Serv. & Landscaping Design, Inc.*, No. 12-7182, 2013 WL 5536193, at *2 (D.N.J. Oct. 7, 2013) (explaining that an individual defendant "qualifie[d] as an 'employer' because he had the power to hire and fire employees, set wages and schedules, and retain employee records."). For these reasons, the Court denies the motion for default judgment as to defendant Wang. *See Wallace v. Fed. Employees of U.S. Dist. Court, EDPA*, 325 F. App'x 96, 101 (3d Cir. 2009); *Panda Rest. Grp., Inc. v. Panda Chinese & Japanese Rest., LLC*, No. 12-11718, 2018 WL 5294568, at *1 (D.N.J. Oct. 25, 2018) ("Default judgment is inappropriate, even where defendants have failed to appear, unless the plaintiff has provided well-pleaded facts sufficient to establish a claim. . . . Because a defaulting party does not admit conclusions of law, a court must make an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action."). As to Chef Jon's, the Court turns to whether default judgment is proper in this action.

      **C.**     **Propriety of Default Judgment**

To determine whether granting default judgment is proper, the Court must make "factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Here, the current record does not indicate that Chef Jon's has any meritorious defense. *See Malibu Media, LLC v. Deleon*, No. 15-3855, 2016 WL 3452481, at *3 (D.N.J. June 20, 2016) ("The Court may presume that a defendant who has failed to plead, defend, or appear has no meritorious defense."). Moreover, Plaintiffs have been prejudiced by Chef Jon's failure to answer because Plaintiffs have been prevented from seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL

2838924, at *2 (D.N.J. July 9, 2012) (finding that the plaintiff would suffer prejudice if the court did not enter default judgment because the plaintiff "has no other means of seeking damages for the harm caused by [d]efendant"). Finally, with respect to the issue of whether default was the result of culpable conduct by the defendant, Chef Jon's has not participated in the litigation despite being served with the Complaint approximately three years ago. Thus, Chef Jon's is culpable for defaulting in this case. *See Qu Wang*, 2018 WL 1027446, at *3–4.

### D. Damages

"While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing as long as the court ensures that there is a basis for the damages specified in the default judgement." *Days Inns Worldwide, Inc. v. Panchal*, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015) (internal quotation marks and alterations omitted). "In light of the FLSA's remedial purposes, an employee can meet his burden to establish that he performed work for which he was not properly compensated 'through estimates based on his own recollection.'" *Santiago*, 2016 WL 6138248, at *3 (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011)). Here, Plaintiffs submitted certifications "detailing the length of shifts, relevant weeks worked, and amount of pay received." *Lurty*, 2019 WL 3297473, at *3 (collecting cases). Based on the information provided in these certifications, the Court is able to determine the damages owed to each plaintiff. As acknowledged by Plaintiffs, the amounts represent the damages owed to Plaintiffs based on their FLSA claims, because they are not entitled to double recovery on their NJWHL claims. (Mov. Br. at 2).

#### i. *Plaintiff Ma*

As to Plaintiff Ma, the Court agrees with Plaintiffs that Ma is owed $8,990.12 in actual damages. Plaintiff Ma worked for Defendants for a total of 57.5 weeks between August 23, 2016,

and September 30, 2017.  (Ma Cert. ¶ 4).  During that time, Ma worked 66.5 hours per week, at an hourly wage of $11.80, without overtime pay.  (*Id.* ¶¶ 7–10).  Ma's overtime pay should have been one and one-half times his hourly wage (or $17.70).  To compensate Ma for the unpaid overtime, the Court calculates the difference between the amount Ma earned each week and the amount Ma should have earned each week if his 26.5 hours of overtime were properly accounted for, and multiplies that number by the number of weeks worked.

Ma should have earned $941.05 each week ((40 x $11.80) + (26.5 x $17.70)).  Instead, Ma earned $784.70 each week (66.5 x $11.80).  Thus, Ma was underpaid by $156.35 each week.  And for his 57.5 weeks worked, Ma is owed $8,990.12 in overtime pay ($156.35 x 57.5).

Ma also seeks liquidated damages in an amount equal to his compensatory damages pursuant to 29 U.S.C. § 216(b).  An employee is entitled to such damages unless the employer shows its actions were "in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation."  29 U.S.C. § 260; *Brock v. Claridge Hotel & Casino*, 846 F.2d 180, 187 (3d Cir. 1988).[3]  "Where, as here, a defendant has failed to appear, and has not presented any evidence regarding good faith, a court should award liquidated damages to the plaintiff."  *Qu Wang*, 2018 WL 1027446, at *5 (collecting cases).  Ma is therefore entitled to liquidated damages in the amount of $8,990.12, making his total damages award $17,980.24.

### ii.     *Plaintiff Zhu*

Plaintiff Zhu requests actual damages for his unpaid minimum wages and unpaid overtime.  Zhu states that he worked at Chef Jon's for 57.5 weeks between August 23, 2016, and September 30, 2017.  (Zhu Cert. ¶ 4).  During that time, Zhu alleges that he worked 66.5 hours per week, at an hourly wage of $6.94 (*id.* ¶ 7–8), which was below the minimum wage in both 2016 and 2017.

---

[3]     Plaintiffs acknowledge that liquidated damages are not available under the NJWHL, and request these damages pursuant to the FLSA only.  (Mov. Br. at 2).

Zhu further alleges that he was not paid overtime for hours worked in excess of 40 hours. (*Id.* ¶ 10). Zhu requests $14,332.38 for his unpaid overtime and minimum wages.

At the outset, the Court disagrees with Plaintiffs' calculation of Zhu's damages. The Court arrives at Zhu's damages by calculating how much Zhu is owed for the 40 hours of work per week for which he was paid below the minimum wage and adding the amount Zhu is owed for the other 26.5 hours of work per week, for which he was paid below the minimum wage *and* no overtime. Because, as Plaintiffs point out, the minimum wage was different in 2016 ($8.38 per hour) and 2017 ($8.44 per hour), the Court breaks down the calculation further. *See* Minimum Wage Rates.

In 2016, Zhu should have made $8.38 per hour for his first 40 hours of work per week, and $12.57 (time and a half) for the extra 26.5 hours, for a weekly salary of $668.30. Instead, Zhu was only paid $6.94 for all 66.5 hours, resulting in a weekly salary of $461.51. Thus, Zhu was underpaid each week by $206.79. For his 18.5 weeks worked in 2016, Zhu is owed $3,825.61.

In 2017, Zhu should have made $8.44 per hour for his first 40 hours of work per week, and $12.66 (time and a half) for the extra 26.5 hours, for a weekly salary of $673.09. Instead, as just explained, Zhu was only paid $6.94 for all 66.5 hours, resulting in a weekly salary of $461.51. Thus, Zhu was underpaid each week by $211.58. For his 39 weeks worked in 2017, Zhu is owed $8,251.62, making his total actual damages amount $12,077.23.

Plaintiffs' calculation, resulting in a total of $14,332.38 in damages, is incorrect because it calculates damages for the gap between Zhu's salary and the minimum wage twice. Specifically, Plaintiffs begin by calculating Zhu's minimum wage damages based on all 66.5 hours that Zhu worked. (Mov. Br. at 7). Such an approach would be fine if, at the next step, Plaintiffs calculated the overtime damages based on the difference between the *minimum wage* at the time and the time and a half overtime Plaintiff should have been paid. Instead, Plaintiffs perform the overtime

10

calculation by subtracting what Plaintiff should have been paid for overtime, versus what *he was actually paid.* By doing so, Plaintiffs over-calculate Zhu's damages. Thus, the Court rejects Plaintiffs' damages amount and instead finds that Zhu is entitled to $12,077.23 in actual damages and an additional $12,077.23 in liquidated damages. *See* 29 U.S.C. § 260; *Brock*, 846 F.2d at 187.

### E.     Attorney's Fees

Plaintiffs also seek attorney's fees under the FLSA, which directs the court to "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "The Third Circuit uses, and the Supreme Court has endorsed, a 'lodestar' approach for calculating fees in FLSA cases." *Qu Wang*, 2018 WL 1027446, at *5 (citing *Souryavong v. Lackawanna Cnty.*, 872 F.3d 122, 128 (3d Cir. 2017)).

Plaintiffs submit two counsel certifications—one from Seung Han (Aaron) Shin and one from Thomas Lai—in support of their fee request. (D.E. Nos. 20-5 ("Shin Cert") & 20-6 ("Lai Cert.")). The certifications detail the work performed, the time it took counsel to perform each task, and the applicable hourly rates. The certifications show that the majority of counsel's time was spent drafting and preparing the complaint and drafting and preparing the motion for default judgment. (*See generally* Shin Cert. & Lai Cert.). Shin billed at an hourly rate of $350.00, and Lai billed at a rate of $250.00. (Shin Cert. ¶ 2; Lai Cert. ¶ 2). Plaintiffs request $7,280.00 for 20.8 hours of work performed by Shin and $1,850.00 for 7.4 hours of work performed by Lai. (Mov. Br. at 9; Shin Cert. ¶ 5; Lai Cert. ¶ 3).

The Court finds that counsel's hourly rates are reasonable when compare to the rates charged in FLSA cases with similar circumstances. *See Jian Zhang*, 2019 WL 6318341, at *4 (collecting cases); *Iqbal v. Makf Enters. Inc.*, No. 15-1640, 2016 WL 6275598, at *3 (D.N.J. Mar. 18, 2016) (deeming hourly rates of $350.00 and $275.00 reasonable). The Court also concludes

11

that the attorney hours reported for the work performed in this case are reasonable.[4] *Jian Zhang*, 2019 WL 6318341, at *4 (concluding that 68.46 hours was reasonable in an FLSA default case); *Punter v. Jasmin Int'l Corp.*, No. 12-7828, 2014 WL 4854446, at *7 (D.N.J. Sept. 30, 2014) (finding that 40 hours of work performed by two attorneys in an FLSA default judgment case with two plaintiffs was reasonable). Accordingly, Plaintiffs are entitled to the requested $9,130 in attorney's fees.

      **F.**      **Default Judgment as to Less than All Defendants**

Notwithstanding the foregoing, default judgment against less than all defendants is disfavored and indeed improper where there is a risk of inconsistent rulings. *Drayage Express, LLC v. Int'l First Serv. USA*, No. 15-3597, 2016 WL 6828572, at *3 (D.N.J. Nov. 18, 2016); *Colony Nat'l Ins. Co. v. Control Bldg. Servs., Inc.*, No. 14-5651, 2015 WL 7296034, at *4 (D.N.J. Nov. 18, 2015). Moreover, the Court is unable to enter a *final* judgment against Chef Jon's unless and until all claims—including those against Wang and the claims remaining in the Complaint which are not addressed in the present motion—are resolved. *See Garcia-Martinez v. V. Puzino Dairy, Inc.*, No. 11-6829, 2014 WL 956123, at *1 (D.N.J. Mar. 12, 2014); *U.S. Golf Ass'n v. ISaAC Scoring Sys., LLC*, No. 09-1848, 2010 WL 323203, at *3 (D.N.J. Jan. 20, 2010) ("Until these claims have been either resolved or withdrawn, the Court cannot enter final judgment."). With those principles in mind, the Court denies the motion as to Chef Jon's. But the denial is without prejudice to Plaintiffs' right to renew their motion for default judgment should they resolve all outstanding claims. If Plaintiffs do not intend to pursue the other claims against Chef Jon's and if Plaintiffs do not intend to pursue their claims against Defendant Wang, then the Court will enter

---

[4]     The last tasks recorded in the attorney certifications are dated July and August 2018. Thus, even though this is the third default judgment motion filed, it appears counsel is only seeking fees for the work performed in connection with the first motion.

default judgment against Chef Jon's in the foregoing amount and will dismiss the remainder of the claims.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for default judgment is DENIED, *without prejudice*. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
